IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DONOVAN WILSON,

                         Plaintiff,             Civil Action No.
                                          9:16-CV-1082 (FJS/DEP)

       v.

C. BALDELLI,

                         Defendant.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

DONOVAN WILSON, *Pro se*
A#041-644-881
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

FOR DEFENDANT:

HON. ERIC T. SCHNEIDERMAN       MATTHEW P. REED, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Donovan Wilson, a former New York State prison inmate, against a corrections officer employed at the prison facility in which he was confined at the relevant times. Plaintiff has recently failed to provide notification of his current address to either the court or opposing counsel, and, as an obvious result of the inability of defendant's counsel to communicate with him, plaintiff failed to appear for a scheduled deposition in June 2017. In light of these circumstances, defendant has now moved to dismiss plaintiff's complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that defendant's motion be granted.

I.    BACKGROUND

Plaintiff commenced this action on or about July 26, 2016, in the United States District Court for the Southern District of New York. Dkt. No. 2. District Judge Colleen McMahon subsequently transferred the action to this district by order issued on August 26, 2016. Dkt. Nos. 4, 5. In his complaint, plaintiff recounts events following his transfer into the Ulster Correctional Facility, a prison operated by the New York State Department of Corrections and Community Supervision, in September 2015, and

2

alleges, *inter alia*, that his First Amendment right to freely exercise his chosen religion was infringed by defendant's actions. *See generally* Dkt. No. 2.

On January 12, 2017, the court issued a mandatory pretrial discovery and scheduling order imposing certain obligations in connection with the action, including the parties' obligations concerning the exchange of mandatory disclosures. Dkt. No. 17. Defendant's mandatory disclosures were sent to plaintiff on March 13, 2017, using the Gowanda Correctional Facility ("Gowanda") address plaintiff provided in his complaint at the outset of the action. Dkt. No. 19; *see also* Dkt. No. 2 at 2. Those mandatory disclosures, however, were returned to defendant's counsel on April 17, 2017, marked "RETURN TO SENDER." Dkt. No. 22-1 at 2, 8. Counsel later determined that plaintiff was released from Gowanda on March 14, 2017. *Id.* at 2, 5-6.

Plaintiff advised the court and defendants' counsel on April 13, 2017, that he had been transferred into the Buffalo Federal Detention Facility ("Buffalo FDF"). Dkt. No. 20. Counsel thereafter re-sent defendant's mandatory disclosures to plaintiff at his new address. *Id.* at 2. 10. As of the date defendant filed the pending motion, plaintiff has failed to provide the required mandatory pretrial discovery to defendant. Dkt. No. 22-1 at 2.

3

Defendant's attorney contacted the Buffalo FDF on May 25, 2017, to make arrangements for taking plaintiff's deposition, as authorized by the court's pretrial scheduling order. Dkt. No. 22-1 at 3. Counsel was advised at that time that plaintiff was released from custody on May 16, 2017. *Id.* Defendant's counsel forwarded a notice of deposition to plaintiff's last known address at the Buffalo FDF, advising that his deposition would be conducted on June 14, 2017. *Id.* at 3, 12-14. That deposition notice was returned to the office of defendant's counsel on June 5, 2017, bearing the notation "RETURN TO SENDER." *Id.* at 3, 16. Not surprisingly, plaintiff failed to appear for the scheduled deposition on June 14, 2017. *Id.* at 3, 18-24. To date, plaintiff has not notified the court of a new address at which he can be reached for purposes of communications from the court and defendant's counsel.

II.   <u>PROCEDURAL HISTORY</u>

On June 30, 2017, defendant moved to dismiss plaintiff's complaint in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon his failure to prosecute his claims. Dkt. No. 22. Despite the fact that plaintiff's response to the motion was due to be filed on or before July 18, 2017, he has failed to oppose the motion, which is now ripe for determination and has been referred to me for the issuance of

4

a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and

Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P.

72(b).

II.   DISCUSSION

For reasons that are self-evident, this court's local rules require that

"[a]ll attorneys of record and *pro se* litigants [to] immediately notify the

Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis

omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the
> clerks of the district courts undertake independently
> to maintain current addresses on all parties to
> pending actions. It is incumbent upon litigants to
> inform the clerk of address changes, for it is
> manifest that communications between the clerk
> and the parties or their counsel will be conducted
> principally by mail. In addition to keeping the clerk
> informed of any change of address, parties are
> obliged to make timely status inquiries. Address
> changes normally would be reflected by those
> inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL

172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quotation marks

omitted).[1]  Plaintiff was reminded of his obligation to maintain an updated

---

[1]   All unreported decisions cited to in this report have been appended for the
convenience of the *pro se* plaintiff.

address with the court in Senior District Judge Frederick J. Scullin's initial decision and order addressing his application for leave to proceed without prepayment of fees and reviewing his complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A. *See* Dkt. No. 9 at 11 ("**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action[.]**" (emphasis in original)).[2] It appears that, despite this admonition, plaintiff has moved without notifying the court or defendant's counsel of his change in residence.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*,

---

[2]     That language is based upon the local rules of this court, which provide, in relevant part, that "**[a]ll . . . *pro se* litigants must immediately notify the Court of any change of address.**" N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original).

370 U.S. 626, 630-31 (1962). In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure his to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Baptiste*, 768 F.3d at 216; *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193-94 (2d Cir. 1999); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted. The inability of the court and defendant's counsel to communicate with plaintiff is due solely to Wilson's failure to provide the court with his new address, a failure that dates back to May 2017. While only two months have elapsed since that time, and the duration of plaintiff's failure to

proceed in this action is therefore modest, its effect on the litigation is nonetheless substantial, and there is no end to plaintiff's inaction in sight. As was previously noted, plaintiff was squarely placed upon notice that his failure to provide an adequate address would result in dismissal of his case. Dkt. No. 9 at 11.

The court concludes, moreover, that defendant would be prejudiced by plaintiff's continued failure to participate in the litigation. Specifically, defendant's inability to obtain discovery, including to secure plaintiff's deposition, that would permit him to defend this action would be unfairly prejudiced. While plaintiff clearly has a right to his day in court and to due process, the court has a compelling need to alleviate its calendar congestion and clear cases that are not being actively pursued by litigants. Finally, consideration of the last factor, which examines whether lesser sanctions are appropriate, does not mitigate against dismissal. While the court could potentially issue an order compelling plaintiff to participate in the litigation and appear for deposition, without an updated address to communicate those mandates to plaintiff, such an order would be ineffective.

In sum, consideration of the relevant factors governing motions to dismiss for lack of prosecution, and particularly plaintiff's failure to comply

with his obligation to notify the court and defendant's counsel of his current address, warrants dismissal of his complaint.

III.    SUMMARY AND RECOMMENDATION

Because plaintiff has moved and his present address is unknown, and he has failed to actively pursue this litigation and comply with requests by defendant to obtain his deposition, I conclude that his complaint should be dismissed for failure to prosecute. Accordingly it is hereby respectfully

RECOMMENDED that defendant's motion to dismiss (Dkt. No. 22) be GRANTED and plaintiff's complaint (Dkt. No. 2) be DISMISSED in all respects.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[3]    If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

Dated:    July 26, 2017
          Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)

(Cite as: 1996 WL 172699 (N.D.N.Y.))

**C**

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL FACILITY
STAFF, Defendant.
No. 95-CV-1525 (RSP/RWS).

April 10, 1996.
Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

**\*1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* 1994 W.L. 9688, at *1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at *1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

N.D.N.Y.,1996.

Dansby v. Albany County Correctional Facility Staff
Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

c

Only the Westlaw citation is currently available.
United States District Court,

N.D. New York.
Jose RODRIGUEZ, Plaintiff,
v.
Glen S. GOORD, et al, Defendants.
No. 9:04-CV-0358 (FJS/GHL).

Nov. 27, 2007.
Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, David L. Cochran, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

### DECISION AND ORDER

FREDERICK J. SCULLIN, Senior District Judge.

**\*1** The above-captioned matter having been presented to me by the Report-Recommendation of Magistrate Judge George H. Lowe filed November 6, 2007, and the Court having reviewed the Report-Recommendation and the entire file in this matter, and no objections to said Report-Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6, 2007 Report-Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS,** that Defendants' motion, pursuant to Local Rule 41.2(b), to dismiss for Plaintiff's failure to provide notice to the Court of a change of address, is **GRANTED;** and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in favor of the Defendants and close this case.

**IT IS SO ORDERED.**

### REPORT-RECOMMENDATION

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Generally, Jose Rodriguez ("Plaintiff") alleges that, while he was an inmate at Oneida Correctional Facility in 2003 and 2004, ten employees of the New York State Department of Correctional Services ("Defendants") were deliberately indifferent to his serious medical needs, and subjected him to cruel and unusual prison conditions, in violation of the Eighth Amendment. (Dkt. No. 27 [Plf.'s Am. Compl.].) Currently pending is Defendants' motion to dismiss for failure to provide notice to the Court of a change of address, pursuant to Local Rule 41.2(b) of the Local Rules of Practice for this Court. (Dkt. No. 86.) Plaintiff has not opposed the motion, despite having been given more than six weeks in which to do so. Under the circumstances, I recommend that (1) Defendants' motion to dismiss be granted, and (2) in the alternative, the Court exercise its inherent authority to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

### I. DEFENDANTS' MOTION TO DISMISS

Under the Local Rules of Practice for this Court, Plaintiff has effectively "consented" to the granting of Defendants' motion to dismiss, since (1) he failed to oppose the motion, (2) the motion was properly filed, and (3) Defendants have, through the motion, met their burden of demonstrating entitlement to the relief requested in the motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that Defendants have met their burden of demonstrating entitlement to the relief requested), Defendants argue that their motion to dismiss should be granted because (1) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

action," (2) on April 15, 2004, Plaintiff was specifically advised of this rule when (through Dkt. No. 5, at 4) the Court advised Plaintiff that "his failure to [promptly notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss.[FN1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious." [FN2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

FN1. *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at \*7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at \*2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1

[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at \*2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at \*3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.).

FN2. *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at \*8.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b).[FN3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Saylor v. Bastedo,* 623 F.2d 230, 238 (2d Cir.1980); *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

FN3. Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

**A. Failure to Prosecute**

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[FN4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

FN4. *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981).

[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[FN5]

FN5. *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

**\*3** As a general rule, no single one of these five factors is dispositive.[FN6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.[FN7]

FN6. *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994).

FN7. *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action.[FN8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

FN8. It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

**B. Failure to Comply with Order of Court**

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [FN9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

FN9. *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted].

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[FN10]

FN10. *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted].

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that ***"[p]laintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."*** (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable.])

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be ***GRANTED%;*** and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to *SUA SPONTE DISMISS* Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

N.D.N.Y.,2007.

Rodriguez v. Goord
Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.