**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**DONOVAN WILSON,**

                **Plaintiff,**

        v.                                        9:16-CV-1082
                                                              (FJS/DEP)

**C. BALDELLI, C.O., formerly known as
John Doe,**

                **Defendant.**

---

**APPEARANCES**                                    **OF COUNSEL**

**DONOVAN WILSON**
**A#041-644-881**
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **MATTHEW P. REED, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. *See* Dkt. No. 2. By an Order issued on August 26, 2016, District Judge Colleen McMahon transferred the action to this District. *See* Dkt. Nos. 4-5.

On January 12, 2017, the Court issued a mandatory pretrial discovery and scheduling Order

in which it imposed certain obligations in connection with the action, including the parties' obligations concerning the exchange of mandatory disclosures. *See* Dkt. No. 17. Defendant sent his mandatory disclosures to Plaintiff on March 13, 2017, using the Gowanda Correctional Facility address that Plaintiff had provided in his complaint when he filed this action. *See* Dkt. No. 19; *see also* Dkt. No. 2 at 2. Those mandatory disclosures were returned to Defendant's counsel on April 17, 2017, marked "RETURN TO SENDER." *See* Dkt. No. 22-1 at 2, 8. Defendant's counsel later determined that Plaintiff had been released from the Gowanda Correctional Facility on March 14, 2017. *See id.* at 2, 5-6.

On April 13, 2017, Plaintiff advised the Court and Defendant's counsel that he had been transferred to the Buffalo Federal Detention Facility. *See* Dkt. No. 20. Defendant's counsel re-sent Defendant's mandatory disclosures to Plaintiff at his new address. *See* Dkt. No. 22-1 at 2, 10. Defendant's counsel contacted the Buffalo Federal Detention Facility on May 25, 2017, to make arrangements to take Plaintiff's deposition, as the Court's pretrial scheduling order authorized. *See id.* at 3. The facility advised Defendant's counsel that Plaintiff had been released from custody on May 16, 2017. *See id.* Defendant's counsel forwarded a Notice of Deposition to Plaintiff's last known address at the Buffalo Federal Detention Facility, advising him that the deposition would be conducted on June 14, 2017. *See id.* at 3, 12-14. That Notice of Deposition was returned to Defendant's counsel on June 5, 2017, bearing the notation "RETURN TO SENDER." *See id.* at 3, 16. For obvious reasons, Plaintiff did not appear for the scheduled deposition. *See id.* at 3, 18-24.

On June 30, 2017, Defendant moved to dismiss Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute his claims. *See* Dkt. No. 22. Although Plaintiff's response to Defendant's motion was due on or before July 18, 2017, he did not

file any papers in opposition to the motion.

In a Report and Recommendation dated July 26, 2017, Magistrate Judge Peebles, after considering the relevant factors, recommended that this Court grant Defendant's motion. *See* Dkt. No. 23 at 9. Magistrate Judge Peebles also advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)." *See id.* (footnote omitted). Finally, Magistrate Judge Peebles ordered the Clerk of the Court to serve a copy of his Report and Recommendation on the parties in accordance with the Local Rules. *See id.* at 10. In compliance with those instructions, the Clerk of the Court sent a copy of the Report and Recommendation to Plaintiff at his last known address, *i.e.*, the Buffalo Federal Detention Facility.

On August 9, 2017, the copy of the Report and Recommendation that the Clerk of the Court had sent to Plaintiff was returned as undeliverable with the envelope marked "Return to Sender." *See* Dkt. No. 24. To date, despite the Court's admonition to him about the consequences of his failure to notify the Court and opposing counsel of any change in his address, Plaintiff has not provided the Court with his current address.

When a party does not object to a magistrate judge's recommendations, the court reviews those recommendations for clear error or manifest injustice. *See Linares v. Mahunik*, 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting its review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

-3-

The Court has reviewed Magistrate Judge Peebles' July 26, 2017 Report and Recommendation for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Peebles' July 26, 2017 Report and Recommendation, *see* Dkt. No. 23, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint for failure to prosecute his claims, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, *see* Dkt. No. 22, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED in all respects**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 17, 2017
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge